UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00097-FDW
(3:16-cr-00124-FDW-DSC-1)

| | |
|---|---|
| ALEX ARNEZ JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and on Petitioner's Motion to Appoint Counsel [CV Doc. 2].

I.   **BACKGROUND**

Petitioner Alex Arnez Jones ("Petitioner") was indicted by a grand jury on May 18, 2016, [CR Doc. 1: Indictment], and then charged in a Superseding Indictment on June 22, 2016, [CR Doc. 13: Superseding Indictment]. In the Superseding Indictment, Petitioner was charged with five counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts One, Three, Five, Seven, and Nine) and five counts of using, carrying, and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two, Four, Six, Eight, and Ten). [Id.].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00097-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00124-FDW-DSC-1.

On August 18, 2016, the parties entered a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Three, Five, Seven, Nine, and Ten and the Government agreed to dismiss Counts Two, Four, Six, and Eight. [CR Doc. 15 at ¶¶ 1-2]. As part of the plea, the parties agreed to jointly recommend, "[n]otwithstanding any other recommendation herein, if the Court determines from the [Petitioner's] criminal history that U.S.S.G. § 4B1.1 (Career Offender) or U.S.S.G. § 4B1.4 (Armed Career Criminal) applies, such provision may be used in determining the sentence." [Id. at ¶ 8]. On August 18, 2016, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 40: Plea Hearing Tr.; CR Doc. 17: Acceptance and Entry of Guilty Plea]. At the plea hearing, Petitioner testified that he understood the charges and the maximum penalties that could apply to him. [Id. at 10]. Petitioner also testified that he had discussed how the U.S. Sentencing Guidelines might apply to his case. [Id. at 11]. The Court accepted Petitioner's plea, finding that it was knowingly and voluntarily made. [Id. at 20; CR Doc. 17 at 4].

Prior to Petitioner's sentencing hearing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 25: PSR]. The probation officer noted that the 2015 Guidelines Manual, including any applicable amendments and/or supplements, was applied in this case. [Id. at ¶ 16]. The probation officer found that Petitioner's adjusted offense level of 30 should be enhanced to 32 because Petitioner was a career offender under U.S.S.G. §4B1.1(b).[2] [Id. at ¶¶ 50-51]. In support of the career offender enhancement, the probation officer noted Petitioner's 2008 convictions for robbery, aggravated assault with intent to rob, and possession of a firearm in

---

[2] Under U.S.S.G. §4B1.1(b), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

commission of a felony in case number 07SC58763 in Georgia and his 2011 conviction for possession of cocaine with intent to distribute in case number 10SC95930, also in Georgia. [Id. at ¶ 51; see id. at ¶¶ 60, 62]. With a three-level reduction for acceptance of responsibility, Petitioner's Total Offense Level (TOL) was 29. [Id. at ¶¶ 52-54]. Then, when considering the impact of the § 924(c) offense, multiple counts of conviction by a career offender on the guideline range, and Petitioner's Criminal History Category of VI, the probation officer determined that the TOL was the range with the greatest minimum sentence, 262 to 327 months. [Id. at ¶¶ 56-57, 88 (citing U.S.S.G. §§4B1.1(c)(3) and 5G1.2(e)); see id. at ¶ 66]. Petitioner objected to the career offender designation in the PSR on the ground that Petitioner's 2008 Georgia convictions were not "crimes of violence" and, therefore, not career offender predicates. [CR Doc. 23: Objections to PSR]. In Petitioner's objection, counsel argued in detail regarding why robbery, aggravated assault with intent to rob, and the firearm possession convictions were not crimes of violence under the "force clause" of the guidelines. [See id.]. Petitioner, however, did not object to the finding that Petitioner's offenses of conviction, five counts of Hobbs Act robbery, were crimes of violence for this purpose. [See id.].

Petitioner's sentencing hearing was held on November 29, 2016. [CR Doc. 41: Sentencing Tr.]. At sentencing, the Court affirmed the Magistrate Judge's findings and acceptance of the Petitioner's guilty plea and noted that, in sentencing Petitioner, the Court was to use the version of the Guidelines Manual "most favorable to the defendant" where there has been superseding amendment. [See id. at 4-5, 49-50]. Petitioner's counsel agreed with the Court that "the old book," meaning the 2015 Guidelines Manual, applied in this case."[3] [Id. at 50]. Notably, both versions

---

[3] The 2015 Guidelines Manual defined "crime of violence" to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ---

include the force clause, which was the focus of the parties' arguments before the Court. [See CR Docs. 23, 27].

In his objections to the PSR, Petitioner's counsel noted that §4B1.2(a)(2)'s "residual clause" is "no longer operative, since it is identical to the portion of the Armed Career Criminal Act struck by the Supreme Court as unconstitutionally vague in Johnson…." [CV Doc. 23 at n.1 (citing Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015))]. Petitioner's counsel also noted that the Supreme Court had granted certiorari to review the Eleventh Circuit's determination that Johnson did not apply to the sentencing guidelines. [Id. (citing Beckles v. United States, 616 Fed. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016)).

The Government, in its Sentencing Memorandum, assumed application of the 2016 Guidelines Manual "crime of violence" definition, which again has no residual clause. [See CR Doc. 27]. The Government argued that the three predicates at issue all satisfied the force clause and that the aggravated assault conviction also satisfied the enumerated offense clause under the 2016 Guidelines because "Georgia's Aggravated Assault statute meets the generic,

---

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [the "force clause"] or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, [the "enumerated offense clause"] or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"]."

U.S.S.G. §4B1.2(a) (2015). Application Note 1 of this provision listed "aggravated assault" as a "crime of violence." "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plaining erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).

Effective August 1, 2016, before Petitioner was sentenced, the career offender "crime of violence" definition was amended. The residual clause was removed, and the enumerated offense clause was expanded. The amended enumerated offense clause listed the following as crimes of violence: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. §4B1.2(a)(2).

4

Case 3:16-cr-00124-FDW-DSC   Document 48   Filed 10/21/21   Page 4 of 12

contemporaneous definition of that crime." [Id. at 5]. As noted, the 2015 Guidelines Manual did not enumerate robbery or aggravated assault as crimes of violence; these were added as enumerated offenses in the 2016 amendment.[4]

At the sentencing hearing, the Court found that the 2015 Guidelines Manual applied, but also noted that "the main holding of Johnson was to throw out the residual clause. We're not talking about the residual clause here. We're talking about the force clause." [CR Doc. 41 at 30: Sentencing Tr.; see id. at 55 ("But pre-Johnson is not the issue before us today, though. We're looking at force clause, not the residual clause)]. Accordingly, at Petitioner's sentencing, the only operative difference between the 2015 career offender "crime of violence" definition and the 2016 definition were the enumerated offenses. That is, under the 2015 definition, aggravated assault was not an enumerated offense.[5]

Petitioner's counsel argued extensively and thoroughly that, under the 2015 Guidelines Manual, Petitioner's Georgia convictions for robbery, aggravated assault, and firearm possession were not crimes of violence under the force clause. [See id. at 6-58]. In so arguing, counsel clearly evinced significant preparation and obvious understanding of the complex issues informing this determination. [See id.]. Ultimately, the Court held that Georgia robbery was not a crime of violence based on the inclusion of "sudden snatching" in the statute, but that aggravated assault

---

[4] In the 2015 Guidelines Manual, aggravated assault was included only in Application Note 1 of §4B1.2. "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plaining erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).

[5] As noted, the commentary to §4B1.2 of the 2015 Guidelines Manual listed "aggravated assault" among those crimes included as "crimes of violence." Petitioner's counsel argued, however, and the Court implicitly accepted, that because the commentary did not state what clause or clauses of the "crime of violence" definition the commentary was interpreting and, with the residual clause deemed inoperative, the offenses listed in the commentary should not be used to establish career offender status. [See Doc. 41 at 50-53].

5

and the firearm possession charge were crimes of violence because Petitioner had actually been charged with armed robbery as the felony underlying those charges, even though he pled to the lesser included robbery offense. [CR Doc. 41 at 61-66].

The Court, therefore, overruled Petitioner's objection and found that Petitioner was a career offender with a guideline range of 262 to 327 months, because Petitioner had at least two prior convictions for a crime of violence or a controlled substance offense. [Id. at 64]. The Court sentenced Petitioner to a term of imprisonment of 178 months on each of Counts One, Three, Five, Seven, and Nine, to be served concurrently, and a term of imprisonment of 84 months on Count Ten, to be served consecutively to the other terms imposed, for a total term of imprisonment of 262 months. [Id. at 75-76].

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. [CR Doc. 32]. On appeal, Petitioner asserted two claims of ineffective assistance of counsel. United States v. Jones, 802 Fed. App'x 790 (4th Cir. 2020). First, Petitioner argued that his counsel was ineffective for failing to argue that Petitioner did not qualify as a career offender because his offenses of conviction of Hobbs Act robbery were not "crimes of violence" under the career offender guidelines. Second, Petitioner argued that his counsel was ineffective for failing to move to dismiss the § 924(c) count on the ground that Hobbs Act robbery does not qualify as a crime of violence for § 924(c) purposes. Id. at 791. Petitioner did not, however, argue any error by the Court in applying the 2015, rather than 2016, Guidelines Manual, or ineffective assistance by counsel in arguing for its application. Before decision, Petitioner conceded that his second claim was foreclosed by the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242, 266 (4th Cir.) (holding that "Hobbs Act robbery constituted a crime of violence under the force clause of [§] 924(c)"), cert. denied, 140 S.Ct. 640 (2019), and cert. denied, 140 S.Ct. 639 (2019). Id. As to

6

Petitioner's first claim, the Fourth Circuit held that it should be brought, if at all, in a motion under § 2255 and dismissed the appeal. Id. Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On March 8, 2021, Petitioner filed the pending Section 2255 motion to vacate. [CV Doc.1]. Petitioner claims he received ineffective assistance of counsel because his attorney failed to argue that Petitioner did "not qualify as a career offender as a matter of law, because the instant offense, Hobbs Act robbery, is not a crime of violence under the Sentencing Guidelines." [Id. at 4]. More specifically, Petitioner argues that, at the time of sentencing, the categorical approach was well established to determine whether a crime qualifies as a predicate crime of violence under §4B1.2(a), [CV Doc. 2 at 9 (citing United v. Carthorne, 878 F.3d 458, 467 (4th Cir. 2017))], and contends that "counsel here failed to grasp the relevant legal standards and did not undertake basic research related to those standards." [Id. at 11].

> Most fundamentally, counsel overlooked Section 4B1.1(a)'s definition of "career offender" and its requirement that the "instant offense" be a career offender predicate. Had counsel grasped the requirements of Section 4B1.1(a) and performed basic legal research related to the instant offense, counsel would have promptly realized that the instant offense, Hobbs Act robbery, is not a crime of violence. Because the instant offense is not a career offender predicate, Petitioner could not qualify for the sentencing enhancement, regardless of his prior convictions. Counsel, however, focused only on his prior convictions. By focusing solely on Petitioner's prior convictions, counsel demonstrated that he did not understand the career offender definition at § 4B1.1(a), despite the critical importance of this definition to Petitioner's sentencing.

[CV Doc. 2 at 11-12]. Petitioner's arguments are premised on application of the 2016 "crime of violence" definition, which, as noted, omitted the residual clause and added aggravated assault and robbery as enumerated offenses. [See CV Doc. 2 at 5]. The Government timely responded to the Petitioner's motion to vacate. [CV Doc. 4].

7

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To prevail on a § 2255 based on ineffective assistance of counsel, a petitioner must establish both (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The Court must be "highly deferential" in reviewing an attorney's performance and must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

To establish prejudice, the petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

8

Case 3:16-cr-00124-FDW-DSC   Document 48   Filed 10/21/21   Page 8 of 12

been different." Id. at 694. "A reasonably probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal v. Trombone, 188 F.3d 239, 249 (4th Cir. 1999).

Here, the issue is whether, under the circumstances, Petitioner's attorney's decision not to challenge the career offender enhancement based on a claim that Hobbs Act robbery was not a "crime of violence" fell within "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The Court must judge the decision "from counsel's perspective at the time." Strickland, 466 U.S. at 689; Carthorne, 878 F.3d at 466 ("Claims of ineffective assistance are evaluated in light of the available authority at the time of counsel's allegedly deficient performance."). Moreover, the Constitution grants counsel "wide latitude" in "making tactical decisions." Strickland, 466 U.S. at 689. "Attorneys need not raise every possible claim to meet the constitutional standard of effectiveness." United States v. Mason, 774 F.3d 824, 828 (4th Cir.

2014) ("The law does not require counsel to raise every available nonfrivolous defense."). "The question is whether the attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011).

With these standards in mind, the Court easily concludes that Petitioner's attorney provided effective assistance of counsel at sentencing. The Court will not and cannot undermine the tactical decisions counsel made relative to Petitioner's crime of violence arguments at sentencing. At the time of sentencing, a reasonable attorney could have believed that an argument that Hobbs Act robbery was not a crime of violence under the career offender guideline was likely to fail and that the better course was to focus on challenging whether Petitioner's 2008 Georgia convictions were crimes of violence for purposes of the career offender enhancement.

Given the murky legal landscape at the time, immediately post-Johnson, with Beckles under review by the Supreme Court, Petitioner's counsel opted to focus on undermining the conclusion that Georgia robbery, aggravated assault with the intent to rob, and possession of a firearm in the commission of a felony were "crimes of violence" based only on the stalwart force clause. At the time, the Fourth Circuit recognized that because "[t]he ACCA defines "violent felony" in a manner substantially identical to the definition of a "crime of violence" in §4B1.2," "precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.1." United States v. Jarmin, 596 F.3d 228, 231 n.* (4th Cir. 2010). Under the ACCA, § 924(c), Hobbs Act robbery was, at the time of Petitioner's sentencing, and remains a crime of violence. Mathis, 932 F.3d at 266. As such, that Hobbs Act robbery was a crime of violence was widely accepted. Only very recently did the Fourth Circuit address whether Hobbs Act robbery constitutes a crime of violence under the career offender guideline. See United States v. Green, 996 F.3d 176 (4th Cir. 2021)

10

(holding that Hobbs Act robbery is not a crime of violence under the 2016 career offender guideline).

As such, Petitioner's attorney's assistance was certainly well within the realm of reasonable professional assistance in challenging the status of the predicate convictions under the circumstances of this case and not the offenses of conviction, Hobbs Act robbery. See United States v. Morris, 917 F.3d 818, 823-24 (4th Cir. 2019) (affirming district court's conclusion that petitioner failed to show ineffective assistance of counsel where trial counsel failed to argue that petitioner's Virginia abduction offense did not constitute a crime of violence under the career offender guideline where "then-existing precedent, both within and outside of this circuit, did not strongly suggest that such an objection was warranted"). Because Petitioner cannot show deficient performance under Strickland's first prong, the Court need not consider the question of prejudice. See id. at 823.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance and his ineffective assistance claim is denied. Furthermore, the Court denies Petitioner's request for an evidentiary hearing because the matter is adequately and appropriately presented on the record before the Court.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition and denies Petitioner's request for an evidentiary hearing.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 20, 2021

Frank D. Whitney
United States District Judge